| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Donald Iwuchuku, Esq.**<br>**LAW OFFICES OF DONALD IWUCHUKU**<br>**21550 Oxnard St., 3rd Fl.**<br>**Woodland Hills, CA 91367**<br>**888.588.1294 Fax:  888.441.8493**<br>**CA SBN: 181726**<br>**donaldiwuchuku@gmail.com**<br><br>☐ Respondent appearing without attorney<br>☑ Attorney for Respondent: | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>**Alicia Quezada - Escobar**<br><br><br><br><br>Debtor(s). | CASE NO.: **1:15-bk-10336-MB**<br>CHAPTER: **13**<hr>**RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT**<hr>DATE:  **08/12/2015**<br>TIME:  **9:30 AM**<br>COURTROOM:  **303**<br>PLACE:  **21041 Burbank Bl., 3rd Fl., Woodland Hills, CA** |
| **Movant:**         QUICKEN LOANS, INC. | |

**Respondent:**  ☑ Debtor   ☐ trustee   ☐ other: _____

> **NOTE REGARDING FILING AND SERVICE OF RESPONSE, EXHIBITS AND DECLARATIONS:**
> A copy of the Response, exhibit(s) and declaration(s) must be served upon:
> (1) Movant's attorney (or Movant, if Movant does not have an attorney);
> (2) the trustee; and
> (3) the judge who presides over this bankruptcy case.
> Then the document must be filed with the court.

1. ☐ **NONOPPOSITION**

   The Respondent does not oppose the granting of the Motion.

2. ☐ **LIMITED OPPOSITION**

   a. ☐ Respondent opposes the Motion only to the extent that it seeks immediate relief from stay. Respondent requests that no lock out, foreclosure, or repossession take place before (*date*):_____ and the reason for this request is (*specify*):

   b. ☐ As set forth in the attached declaration of the Respondent or the Debtor, the motion is opposed only to the extent that it seeks a specific finding that the Debtor was involved in a scheme to hinder, delay or defraud creditors.

      The Debtor:
      (1) ☐ has no knowledge of the Property.
      (2) ☐ has no interest in the Property.
      (3) ☐ has no actual possession of the Property.
      (4) ☐ was not involved in the transfer of the Property.

   c. ☐ Respondent opposes the Motion and will request a continuance of the hearing since there is an application for a loan modification under consideration at this time. Evidence of a pending loan modification is attached as Exhibit _____.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 1                    **F 4001-1.RFS.RESPONSE**

3. ☑ **OPPOSITION** The Respondent opposes granting of the Motion for the reasons set forth below.

   a. ☑ The Motion was not properly served (*specify*):
      (1) ☑ Not all of the required parties were served.
      (2) ☐ There was insufficient notice of the hearing.
      (3) ☐ An incorrect address for service of the Motion was used for (*specify*):

   b. ☑ Respondent disputes the allegations/evidence contained in the Motion and contends as follows:
      (1) ☐ The value of the Property is $_____ , based upon (*specify*):
      (2) ☐ Total amount of debt (loans) on the Property is $_____.
      (3) ☑ More payments have been made to Movant than the Motion accounts for. True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit __(See Debtor's Declaration)__.
      (4) ☐ There is a loan modification agreement in effect that lowered the amount of the monthly payments. A true and correct copy of the loan modification agreement is attached as Exhibit _____.
      (5) ☑ The Property is necessary for an effective reorganization. Respondent filed or intends to file a plan of reorganization that requires use of the Property. A true and correct copy of the plan is attached as Exhibit __1__.
      (6) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments are current. A true and correct copy of the chapter 13 plan is attached as Exhibit _____ and proof that the plan payments are current through the chapter 13 trustee is attached as Exhibit _____.
      (7) ☐ The Property is insured. Evidence of current insurance is attached as Exhibit _____.
      (8) ☑ Movant's description of the status of the unlawful detainer proceeding is not accurate.
      (9) ☐ Respondent denies that this bankruptcy case was filed in bad faith.
      (10) ☑ The Debtor will be prejudiced if the Nonbankruptcy Action is allowed to continue the nonbankruptcy forum.
      (11) ☑ Other (*specify*): **Movant is misleading this Court by not informing him that Movant WRONGFULLY CONDUCTED A FORECLOSURE SALE OF THE SUBJECT PROPERTY ON MAY 11, 2015 in VIOLATION OF THE AUTOMATIC STAY.  (See Debtor's Counsel's Declaration)**

   c. ☑ Respondent asserts the following as shown in the declaration(s) filed with this Response:
      (1) ☐ The bankruptcy case was converted from chapter _____ to chapter _____.
      (2) ☑ All postpetition arrearages will be cured by the hearing date on this motion.
      (3) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments ☐ are current, or ☐ will be cured by the hearing date on this motion.
      (4) ☐ The Debtor has equity in the Property in the amount of $ _____.
      (5) ☐ Movant has an equity cushion of $_____ or _____ % which is sufficient to provide adequate protection.
      (6) ☑ The Property is necessary for an effective reorganization because (*specify*): **The subject property is Debtor's principal residence and arrears have been fully provided for in Debtor's CONFIRMED Chapter 13 Plan. Creditor did not file a an Objection to Confirmation of Plan, notwithstanding having received notice thereof.**
      (7) ☑ The motion should be denied because (*specify*): **Debtor has tendered ALL post-petition mortgage payments to lender, who refused to accept said payments and returned them to Debtor as a result of the wrongful foreclosure sale.**
      (8) ☐ An optional memorandum of points and authorities is attached in support of this Response.

4. **EVIDENCE TO AUTHENTICATE EXHIBITS AND TO SUPPORT FACTS INSERTED IN THE RESPONSE:**

Attached are the following documents in support of this Response:
☑ Declaration by the Debtor                         ☑ Declaration by the Debtor's attorney
☐ Declaration by trustee                            ☐ Declaration by trustee's attorney
☐ Declaration by appraiser                          ☑ Other (*specify*): Exhibits

Date: __07/29/2015__

**LAW OFFICES OF DONALD IWUCHUKU**
Printed name of law firm for Respondent (if applicable)

**Donald Iwuchuku, Esq.**
Printed name of individual Respondent or attorney for Respondent

**/s/ Donald Iwuchuku, Esq.**
Signature of individual Respondent or attorney for Respondent

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                         Page 2                         **F 4001-1.RFS.RESPONSE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**21550 Oxnard St., 3rd Fl.**
**Woodland Hills, CA 91367**

A true and correct copy of the foregoing document entitled (*specify*): __**RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT**__  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __**07/29/2015**__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Debtor's Counsel: Donald E Iwuchuku**    donaldiwuchuku@gmail.com
**Chapter 13 Trustee: Elizabeth (SV) F Rojas (TR)**    cacb_ecf_sv@ch13wla.com
**U.S. Trustee: United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On (*date*) __**07/29/2015**__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Alicia Quezada-Escobar**
11926 Blythe Street
North Hollywood, CA 91605

**Quicken Loans, Inc.**
**c/o Mark T. Domeyer – Bar No. 135008**
**The Wolf Firm, A Law Corporation**
2955 Main Street, Second Floor
Irvine, CA 92614

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __**07/29/2015**__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Judge: Martin R. Barash, 21041 Burbank Boulevard, Suite 342, Woodland Hills, CA 91367 (courtesy copy box)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 29, 2015 | Donald Iwuchuku, Esq. 181726 | /s/ Donald Iwuchuku, Esq. |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 3                                **F 4001-1.RFS.RESPONSE**

**DECLARATION OF DONALD IWUCHUKU, ESQ. IN SUPPORT OF RESPONSE TO MOTION**

**FOR RELIEF FROM AUTOMATIC STAY**

I, DONALD IWUCHUKU, ESQ., do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1. I am the Debtor's attorney in the instant bankruptcy proceeding.

2. I am licensed to practice law in the State of California and before this Honorable Court.

3. The underlying Motion for Relief from the Automatic Stay (MFR) relates to Debtor's real property commonly known as 11926 Blythe Street, North Hollywood, CA 91605 ("subject property").

4. On or about February 3, 2015, the instant Chapter 13 bankruptcy case was filed.

5. I duly listed QUICKEN LOANS, INC. ("QLI") and THE WOLF FIRM ("WOLF") in Debtor's bankruptcy schedules, Plan and mailing matrix.

6. On or about April 28, 2015, the instant Chapter 13 case was CONFIRMED as no one filed any objection to Debtor's Plan or case.

7. On or about May 11, 2015, the subject property was foreclosed upon by QLI and WOLF.

8. On or about May 15, 2015, I sent QLI and WOLF a Demand Letter for Turnover of the subject property and to rescind the wrongful foreclosure sale. *See **EXHIBIT 2.***

9. On or about May 20, 2015, I received email correspondence from DANIEL K. FUJIMOTO, Esq., attorney for WOLF, regarding my Demand Letter as noted above.

10. Mr. Fujimoto requested certain documentation to evidence Debtor's interest in the subject property rather than immediately rescinding the foreclosure sale conducted in violation of the automatic stay as noted in my Demand Letter.

11. On or about May 26, 2015, I replied and informed Mr. Fujimoto of Debtor's interest in the subject property subsequent to the Trustor's death and that Trustor was Debtor's deceased husband.

1

12.     On or about June 4, 2015, after not receiving any response to my email sent May 26, 2015, I called and spoke with Mr. Fujimoto, who informed me he shall forward all communication and information provided to QLI and requested he keep me informed of the steps taken to rescind the foreclosure sale.

13.     On or about July 21, 2015, rather than receiving a call back, email or other correspondence as to the status of the rescission of the wrongful foreclosure, I received the instant Motion for Relief from Stay.

14.     Attached hereto and labeled *EXHIBIT 3* is the email correspondence with Mr. Fujimoto.

15.     Based on my knowledge and reasonable belief, I thereon allege that QLI and WOLF are acting in bad faith and have failed to inform this Court that my property was previously foreclosed upon by Movant before this Motion for Relief was filed.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed this 29th day of July, 2015, at Woodland Hills, California.


 /s/ Donald Iwuchuku, Esq.
DONALD IWUCHUKU, ESQ.

## DECLARATION OF ALICIA QUEZADA ESCOBAR IN SUPPORT OF RESPONSE TO

## MOTION FOR RELIEF FROM AUTOMATIC STAY

I, ALICIA QUEZADA ESCOBAR, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1.  I am the Debtor in the instant bankruptcy proceeding.

2.  The underlying Motion for Relief from the Automatic Stay (MFR) relates to my real property commonly known as 11926 Blythe Street, North Hollywood, CA 91605 ("subject property").

3.  My husband, RUPERTO FERNANDEZ ("RUPERTO"), and I acquired the subject property on or about 2003.

4.  RUPERTO and I refinanced the subject property on or about October 2005.

5.  On or about October 2007, RUPERTO and I wanted to refinance the subject property again. However, the mortgage broker who assisted us indicated the best way to accomplish this would be to transfer the subject property via an Interspousal Transfer Grant Deed to RUPERTO.

6.  On or about March 16, 2013, RUPERTO passed away from a massive heart attack. *See EXHIBIT 4 – Death Certificate.*

7.  On or about April 2013, I informed our mortgage lender, QUICKEN LOANS, INC. ("QLI") of my husband's death and requested all mortgage related documents and statements be sent to my attention for payments.

8.  Subsequent to my husband's death, I suffered great depression and financial hardships, resulting in my request for a loan modification from QLI.

9.  I was told by a QLI representative that I must be in "default" in order to qualify for a loan modification and suggested I fall behind a few months before applying for a loan modification.

10.    I did as instructed by the QLI representative, resulting in the default of my mortgage loan with QLI.

11.    On or about November 14, 2014, I received a Notice of Default as recorded by THE WOLF FIRM ("WOLF"), representative of my mortgage lender QLI.

12.    On or about February 3, 2015 I filed for bankruptcy protection under Chapter 13, the instant case.

13.    I duly listed QLI and WOLF in my bankruptcy schedules, Plan and mailing matrix.

14.    On or about April 28, 2015, my instant Chapter 13 case was CONFIRMED as no one filed any objection to my Plan or case.

15.    Since March 2015 to the present, I have tried tendering my post-petition mortgage payments to QLI, only to have them returned to me as unaccepted.

16.    On or about March 27, 2015, I received a notice posted on my door that a Trustee's Sale was scheduled for April 27, 2015.

17.    On or about April 24, 2015, I called QLI and WOLF to inform them I was in a confirmed Chapter 13 bankruptcy case and was unclear as to why they had scheduled a foreclosure sale of my home, the subject property.

18.    On or about May 11, 2015, my subject property was foreclosed upon by QLI and WOLF.

19.    On or about May 14, 2015, I was approached by Raquel Magro, a FANNIE MAE assigned real estate agent for Pinnacle Estate Properties, who posted a notice on my door regarding a POST-foreclosure notice to occupants.

20.    I immediately called and went to see my attorney regarding this and the wrongful foreclosure of my home.

21.    Based on my knowledge and reasonable belief, I thereon allege that my attorney sent QLI and WOLF a "Turnover Demand Letter" to rescind the wrongful foreclosure sale.

22.    Based on my knowledge and reasonable belief, I thereon allege that QLI and WOLF are acting in bad faith and have failed to inform this Court that my property was previously foreclosed upon by Movant before this Motion for Relief was filed.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed this 29th day of July, 2015, at Woodland Hills, California.


 /s/ Alicia Escobar Quezada
ALICIA ESCOBAR QUEZADA

| Attorney or Party Name, Address, Telephone & FAX Nos.:, State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Donald Iwuchuku, Esq. 181726**<br>**LAW OFFICES OF DONALD IWUCHUKU**<br>**21550 Oxnard St., 3rd Fl.**<br>**Woodland Hills, CA 91367**<br>**888.588.1294 Fax: 888.441.8493**<br>**CA SBN: 181726**<br>**donaldiwuchuku@gmail.com** | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>**Alicia Quezada - Escobar**<br><br>   **AKA Alicia Quezada**<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.::<br><br>CHAPTER **13** |
|---|---|
| | **CHAPTER 13 PLAN** |
| | **CREDITORS MEETING:**<br>**Date:**<br>**Time:**<br>**Place:**     21051 Warner Ctr Ln., Woodland Hills, CA<br><br><br>**CONFIRMATION HEARING:**<br>**Date:**<br>**Time:**<br>**Place:**     **21041 Burbank Bl., Woodland Hills, CA** |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the chapter 13 trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    *Page 1*                    **F3015-1.01.CHAPTER13.PLAN**

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

**I.    PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the chapter 13 trustee:

A.    Payments by Debtor of **$505.01** per month for **60** months.  This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B.    The base plan amount is $ _30,300.60_  which is estimated to pay _100_ % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the chapter 13 trustee may increase the percentage to be paid to creditors accordingly.

C.    Amounts necessary for the payment of postpetition claims allowed under 11 U.S.C. § 1305.

D.    Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the chapter 13 trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The chapter 13 trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the chapter 13 trustee's account. The chapter 13 trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E.    Other property:  (*specify property or indicate none*)
      **NONE**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**II.    ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**

Except as otherwise provided in the Plan or by court order, the chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

A.    ORDER OF PAYMENTS:

1.    If there are Domestic Support Obligations, the order of priority shall be:

(a)    Domestic Support Obligations and the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date;

(b)    Administrative expenses (Class 1(a)) in an amount not exceeding __100__ % of each Plan Payment until paid in full;

2.    If there are no Domestic Support Obligations, the order of priority shall be the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __100__ % of each Plan Payment until paid in full.

3.    Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the chapter 13 trustee from the Plan Payment; such secured debt may be paid by the chapter 13 trustee commencing with the inception of Plan Payments.

4.    Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5.    No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    *Page 3*                    **F3015-1.01.CHAPTER13.PLAN**

B.    CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 | | | | | |
|---|---|---|---|---|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** | | | | | |

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| a.    Administrative Expenses | | | | | |
| (1)    Chapter 13 trustee's fee – estimated at **10**% of all payments to be made to all classes through this Plan. | | | | | |
| (2)    Attorney's Fees | **$2,000.00** | | **$400.00** | **5** | **$2,000.00** |
| (3)    Chapter 7 trustee's fees | | | | | |
| (4)    Other | | | | | |
| b.    Other Priority Claims | | | | | |
| (1)    Internal Revenue Service | | | | | |
| (2)    Franchise Tax Board | | | | | |
| (3)    Domestic Support Obligation | | | | | |
| (4)    Other | | | | | |
| c.    Domestic Support Obligations that are not to be paid in full in the Plan (*specify creditor name*): | | | | | |
| | | | | | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    *Page 4*                    **F3015-1.01.CHAPTER13.PLAN**

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ☐    The postconfirmation monthly mortgage payment will be made by the chapter 13 trustee from the Plan Payment to:

2. ☒    The postconfirmation monthly mortgage payment will be made by the Debtor directly to:

__Quicken Loans__                                                                    __xxxxxx5593__
(name of creditor)                                                    (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| Quicken Loans | xxxxxx5593 | $25,000.00 | 0 | $454.55 | 55 | $25,000.00 |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last 4 Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                        *Page 5*                **F3015-1.01.CHAPTER13.PLAN**

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐    The postconfirmation monthly payment pursuant to the promissory note will be made by the chapter 13 trustee from the Plan Payment to:

2. ☐    The postconfirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

| _____ | _____ |
| (name of creditor) | (last 4 digits of account number) |
| _____ | _____ |
| (name of creditor) | (last 4 digits of account number) |

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | |
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

The Debtor estimates that non-priority unsecured claims total the sum of  **$545.00** .

Class 5 claims will be paid as follows:

(Check one box only.)

☒    Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐    Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.   COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ **0.00** which is estimated to pay **0** % of the scheduled nonpriority unsecured debt.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                              *Page 6*                              **F3015-1.01.CHAPTER13.PLAN**

## IV.  PLAN ANALYSIS

| | |
|---|---:|
| CLASS 1a | $2,000.00 |
| CLASS 1b | $0.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $25,000.00 |
| CLASS 3 | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $545.00 |
| SUB-TOTAL | $27,545.00 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated  10% unless advised otherwise) | $2,754.60 |
| TOTAL PAYMENT | $30,300.60 |

## V.  OTHER PROVISIONS

A.  The Debtor rejects the following executory contracts and unexpired leases.
   **Name of Other Party:**               **Description of contract/lease:**
   -NONE-

B.  The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   **Name of Other Party:**               **Description of contract/lease:**
   -NONE-

C.  In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   **Creditor Name:**               **Monthly Payment:**
   -NONE-

D.  The Debtor hereby surrenders the following personal or real property. (*identify property and creditor to which it is surrendered*):
   **Creditor Name:**               **Description:**
   -NONE-

E.  The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.  Miscellaneous provisions: (*use attachment, if necessary*):

G.  The chapter 13 trustee is authorized to disburse funds after the date confirmation is announced in open court.

H.  The Debtor will pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I.  The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    *Page 7*                    **F3015-1.01.CHAPTER13.PLAN**

## VI.    REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the chapter 13 trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Date:    __February  3, 2015_____    /s/ Donald Iwuchuku, Esq.
_____
Donald Iwuchuku, Esq. 181726
181726
Attorney for Debtor


/s/ Alicia Quezada - Escobar
_____
Alicia Quezada - Escobar
Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Law Offices

## DONALD IWUCHUKU

21550 Oxnard Street. 3rd Floor
Woodland Hills, CA. 91367
Office: 888.588.1294
Fax: 888.441.8493

3540 Wilshire Bl., Ste 917
Los Angeles, CA 90010
Office: 213.380.4144
Fax: 213.380.6061

www.doniwuchuku.com
donaldiwuchuku@gmail.com

May 15, 2015

**SENT VIA FIRST CLASS MAIL & FAX: 949-608-0130**

The Wolf Firm
A Law Corporation
2955 Main Street, Second Floor
Irvine, CA  92614

**RE:**    **VIOLATION OF AUTOMATIC STAY &**
**TURNOVER OF PROPERTY**
*In re ALICIA QUEZADA ESCOBAR*
U.S.B.C. Case No. 1:15-bk-10336-MB

TO WHOM IT MAY CONCERN:

PLEASE TAKE NOTICE that this office represents borrower, ALICIA QUEZADA ESCOBAR (hereinafter "Debtor"), who has filed for relief under Title 11 of the United States Code - Chapter 13 Bankruptcy with the U.S. Bankruptcy Court – Central District of California on February 3, 2015 ("BK13").

The instant BK13 was filed ***PRIOR TO THE TRUSTEE'S SALE*** and to ***KEEP*** Debtor's real property commonly known as 11926 Blythe Street, North Hollywood, CA 91605 ("subject property"). Accordingly, all interested parties are directed to comply with the automatic stay provisions pursuant to 11 U.S.C. §362 and cease any further collection actions against the debtor and/or the estate.

On or about February 3, 2015, you were notified telephonically of the instant BK13 case filing by calling 949-720-9200 and speaking to your "foreclosure department."  You requested the case number and filing date as well as the "TS number," all of which were provided.  You indicated you would note your file and cease foreclosure of the subject property.

On or about February 3, 2015, written Notice of Section 341(a) Meeting and Hearing on Confirmation of Chapter 13 Plan with a copy of the Chapter 13 Plan ("Notice of Plan") was mailed to you as well as your client and beneficiary, QUICKEN LOANS, INC. ("QUICKEN").

On or about April 28, 2015, the instant BK13 was Confirmed.  Since the filing of the instant BK13, Debtor continues to tender her post-petition mortgage payments to QUICKEN who has been accepting Debtor's payments.  Debtor's Chapter 13 case remains in good standing.

On or about May 11, 2015, you conducted the Trustee's Sale of the subject property, notwithstanding having been put on notice of the instant BK13 in direct violation of the Automatic Stay provision of Title 11, Section 362.  Consequently, you are hereby required to rescind and turnover the subject property to the Debtor and Debtor's estate.

*DONALD IWUCHUKU, Attorney at Law, SBN: 181726 has no complaints with the California State Bar and is in good standing.*
*He is a well respected attorney and has been in practice since 1996.*

21550 Oxnard Street. 3rd Floor                                    3540 Wilshire Bl., Ste 917
Woodland Hills, CA. 91367                                         Los Angeles, CA 90010
Office: 888.588.1294                                              Office: 213.380.4144
Fax: 888.441.8493                                                 Fax: 213.380.6061

## DONALD IWUCHUKU

www.doniwuchuku.com
donaldiwuchuku@gmail.com

Pursuant to 11 U.S.C. § 542 of the Bankruptcy Code, you are obligated to turn that property over immediately to either the Chapter 13 Trustee or Debtors as previously explained to you since that property has been claimed as exempt.  Pursuant to 11 U.S.C. § 541:

**11 U.S.C. § 541. Property of the estate**

**(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:**

**(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.**

**(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—**

**(A) under the sole, equal, or joint management and control of the debtor; or**

**(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.**

If the party who obtained the [possession] fails to file a motion within 10 court days after his or her receipt of notice of the bankruptcy filing, the receiver shall immediately turn over the property to the appropriate entity – either the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession – and otherwise comply with 11 U.S.C. § 543.

**11 U.S.C. § 543. Turnover of property by a custodian**
**(a) A custodian with knowledge of the commencement of a case under this title concerning the debtor MAY NOT make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents, or profits of such property, or property of the estate, in the possession, custody or control of such custodian, except such action as is necessary to preserve such property.** (emphasis added)

As explained by your foreclosure department, the subject property's wrongful foreclosure/public sale has not yet been rescinded.  In fact, our client notified us yesterday that Raquel Magro, FANNIE MAE-assigned real estate agent of Pinnacle Estate Properties, posted a notice on Debtor's door regarding a post-foreclosure notice.

*DONALD IWUCHUKU, Attorney at Law, SBN: 181726 has no complaints with the California State Bar and is in good standing.
He is a well respected attorney and has been in practice since 1996.*

21550 Oxnard Street. 3rd Floor
Woodland Hills, CA. 91367
Office: 888.588.1294
Fax: 888.441.8493

LAW OFFICE

DONALD IWUCHUKU

www.doniwuchuku.com
donaldiwuchuku@gmail.com

3540 Wilshire Bl., Ste 917
Los Angeles, CA 90010
Office: 213.380.4144
Fax: 213.380.6061

11 U.S.C. §362 stays any action to collect a debt.  Specifically, §362(a)(3) protects the Debtor from any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; and §362(a)(6) protects Debtor from creditors that are acting in any capacity to collect, assess, or recover a claim against them that arose before the commencement of the bankruptcy proceedings.  Thus, Plaintiff is enjoined by the Automatic Stay to collect this debt outside the instant bankruptcy proceeding.  Moreover, Debtor's instant Chapter 13 Plan, which was "CONFIRMED" as of April 28, 2015, provides for payment to cure the default of the debt owed to QUICKEN.

The filing of a bankruptcy petition effectuates an automatic stay of all proceedings against debtor effective the date the petition is filed and actions taken in violation of the automatic stay are void, even if there is no actual notice of the stay.

A creditor, with knowledge of the stay, has an affirmative duty to act and to terminate ongoing violations of the automatic stay.  *Eskanos & Adler P.C. v. Leetien*, 309 F.3d 1210 (9th Cir. 2002) since knowing retention of property of the estate violates the stay.  *In re Del Mission Limited: SBOE v. Taxel*, 98 F.3d 1147, 1151 (9th Cir. 1996).

The Bankruptcy Code in section 362(k) contains a specific cause of action against a creditor who causes injury to an individual by a willful violation of the automatic stay.  *In re Bair Island Marina & Office Ctr.*, 116 B.R. 180 (Bank. N.D.Cal. 1990).  A willful violation is one committed knowingly; no malice need be shown. *In re Bloom* (9th Cir. 1989).  Even when a violation begins innocently, refusal to rectify it after notice of the case renders it willful.  *In re Abrams*, 127 B.R. 239 (B.A.P. 9th Cir. 1991).

You are directed to comply with the automatic stay provisions pursuant to 11 U.S.C. §§ 362, 541, 542, and 543 and IMMEDIATELY rescind the Trustee's Sale of the subject property.  TIME IS OF THE ESSENCE.  Your actions and those of your agent(s) have caused immediate and irreparable harm to my client thus far and we wish to mitigate further damages to her and her family.

PLEASE TAKE FURTHER NOTICE that failure to return the subject property and rescission of the sale thereof will result in filing a Motion for Violation of the Automatic Stay and for Contempt in the U.S. Bankruptcy Court for the Central District of California and will seek sanctions, actual damages, punitive damages, costs and attorney's fees against you and your agent(s).

Thank you for your understanding and cooperation in this matter.  If you have any questions, please do not hesitate to contact the undersigned.

Truly Yours,
**LAW OFFICE OF DONALD IWUCHUKU**

/s/ Donald Iwuchuku, Esq.
DONALD IWUCHUKU, Esq.
Attorney for Debtor

DI/eac
Cc:  Debtor
Attachment: Notice of Bankruptcy Filing; Deed of Trust

*DONALD IWUCHUKU, Attorney at Law, SBN: 181726 has no complaints with the California State Bar and is in good standing.
He is a well respected attorney and has been in practice since 1996.*

7/31/2015    Gmail - Allegations of Automatic Stay Violation--Quicken Loans (8192-2172) Fernandez, Ruperto. LN X5593. Fannie Mae TS 14-2277-11. 11926 Blythe

Case 1-15-bk-10336-MB    Doc 25    Filed 07/31/15    Entered 07/31/15 01:08:09    Desc
Main Document    Page 20 of 24



Donald Iwuchuku <donaldiwuchuku@gmail.com>

# Allegations of Automatic Stay Violation--Quicken Loans (8192-2172) Fernandez, Ruperto. LN X5593. Fannie Mae TS 14-2277-11. 11926 Blythe

3 messages

**Daniel K. Fujimoto** <daniel.fujimoto@wolffirm.com>                Wed, May 20, 2015 at 10:53 AM
To: donaldiwuchuku@gmail.com, 12133806061@efaxsend.com
Cc: Julio Ceja <julio.ceja@wolffirm.com>, "Alan S. Wolf" <Alan.Wolf@wolffirm.com>, "Mark T. Domeyer"
<mark.domeyer@wolffirm.com>, Kayo Manson-Tompkins <kayo.manson-tompkins@wolffirm.com>

Mr. Iwuchukwu,

 Thank you for your fax dated May 15, 2015, a copy of which is attached. Your fax includes a copy of a deed of
trust recorded on October 12, 2005 listing Ruperto Fernandez and Alicia Quezada as borrowers, and a copy of
a Notice of Bankruptcy Case Filing for a Chapter 13 petition filed by your office on behalf of Alicia Quezada-
Escobar on February 3, 2015.

 Our office takes the bankruptcy automatic stay, and our allegations that our office violated the automatic stay,
very, very seriously. However, our title company is advising us that your client does not currently have an
interest in the property that was foreclosed upon. Attached please find a copy of an Interspousal Transfer Grant
Deed executed by your client on April 28, 2007 and recorded on October 5, 2007, transferring her interest in the
property to Ruperto Fernandez as his sole and separate property, and a copy of a deed of trust executed only by
Ruperto Fernandez, and not your client, and recorded on October 5, 2007. This was the deed of trust that was
actually foreclosed upon, and not the deed of trust that you forwarded.

 Can you please provide us with some evidence that your client had an interest in the property at the time of the
foreclosure sale, as we want to make certain that we have not foreclosed in violation of any automatic stay.

Thanks,
Dan Fujimoto
Attorney
The Wolf Firm
A Law Corporation
Attorneys to the Financial Services Industry
2955 Main Street, Second Floor
Irvine, CA 92614
Ph: (949) 720-9200 x2100
Fax: (949) 608-0128
E-Mail: Daniel.Fujimoto@wolffirm.com
Web: http://www.wolffirm.com

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  This message may be an attorney-client communication and as such is privileged
and confidential.  If the reader of this message is not the intended recipient or an agent responsible for delivering
it to the intended recipient, you are hereby notified that you have received this document in error and that any
review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this
communication in error, please notify us immediately by e-mail, and delete the original message.

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

**3 attachments**

 **ap034xog.pdf**
1729K

 **4335740.pdf**
72K

 **3715038.pdf**
789K

---

**Donald Iwuchuku** <donaldiwuchuku@gmail.com>                Tue, May 26, 2015 at 12:23 PM
To: "Daniel K. Fujimoto" <daniel.fujimoto@wolffirm.com>
Cc: 12133806061@efaxsend.com, Julio Ceja <julio.ceja@wolffirm.com>, "Alan S. Wolf" <Alan.Wolf@wolffirm.com>, "Mark T. Domeyer" <mark.domeyer@wolffirm.com>, Kayo Manson-Tompkins <kayo.manson-tompkins@wolffirm.com>

Mr. Fujimoto,

As you know, RUPERTO FERNANDEZ ("FERNANDEZ") and ALICIA QUEZADA ("QUEZADA") were husband and wife at the time the present Note and Deed of Trust were executed.

On or about March 16, 2013, RUPERTO FERNANDEZ, died of a heart attack.  QUEZADA is FERNANDEZ's surviving spouse.

On or about April 2013, QUEZADA made a telephonic payment with her debit card to the mortgage to QUICKEN LOAN SERVICING ("QUICKEN").  The representative asked to speak with Mr. FERNANDEZ to authorize the payment.  At that time, QUEZADA, informed QUICKEN of Mr. FERNANDEZ's death.  The representative took QUEZADA's information and indicated he would note the file, accordingly.  When asked if she could continue making the payment on the mortgage loan, the representative said it would be fine.

QUEZADA continued tendering payments to QUICKEN until on or about January 2014, when QUEZADA was undergoing loan modification and was told to stop making payments to "qualify."

Subsequently, the instant Chapter 13 case was filed to reorganize QUEZADA's mortgage arrears.

As you know, there is plenty of case law and code which allows this surviving spouse to reorganize the debt, this mortgage, of her deceased spouse.  In fact, the underlying mortgage loan was listed in the instant Chapter 13 bankruptcy case.  Your client presented NO objection to confirmation and DID NOT file a motion for relief at any time.  Subsequently, Debtor's Chapter 13 Plan was CONFIRMED.

Even if Debtor has no personal liability on a mortgage loan, the in-rem "claim" of a mortgagee is a "claim" subject to inclusion in a Chapter 13 Plan. _Johnson v. Home State Bank_, 501 U.S. 78 (1991)

As indicated previously, please mitigate damages and RESCIND the wrongful foreclosure sale so as not to proceed with violation of automatic stay actions.

If you have any questions, please call me to discuss further.  TIME IS OF THE ESSENCE.

[Quoted text hidden]

--
Best Regards,
/s/ Donald Iwuchuku, Esq.
Attorney
**LAW OFFICES OF DONALD IWUCHUKU**
21550 Oxnard St., 3rd Floor
Woodland Hills, CA 91367
O. 888.588.1294
O. 213.380.4144

7/31/2015    Gmail - Allegations of Automatic Stay Violation - Quezada (Bank of America); Fernando Ruperti; 075597; First MH804-22 Tract 1926 Blythe

Case 1:15-bk-10336-MB    Doc 25    Filed 07/31/15    Entered 07/31/15 01:08:09    Desc
Main Document    Page 22 of 24

C. 818.585.0767
F. 888.441.8493
F. 213.380.6061

---

**Donald Iwuchuku** <donaldiwuchuku@gmail.com>                    Thu, Jun 4, 2015 at 1:11 PM
To: "Daniel K. Fujimoto" <daniel.fujimoto@wolffirm.com>
Cc: 12133806061@efaxsend.com, Julio Ceja <julio.ceja@wolffirm.com>, "Alan S. Wolf" <Alan.Wolf@wolffirm.com>,
"Mark T. Domeyer" <mark.domeyer@wolffirm.com>, Kayo Manson-Tompkins <kayo.manson-
tompkins@wolffirm.com>

This shall memorialize our conversation wherein you indicated that you shall forward our communication to your
client for prompt resolution.

Please keep us informed as to the steps taken to rescind the foreclosure sale.

As instructed, if I don't hear from you by tomorrow, I shall call you back.

[Quoted text hidden]

# STATE OF CALIFORNIA

## CERTIFICATION OF VITAL RECORD

# COUNTY OF LOS ANGELES DEPARTMENT OF PUBLIC HEALTH

**CERTIFICATE OF DEATH**

STATE FILE NUMBER: 3052013057857

LOCAL REGISTRATION NUMBER: 3201319012990

| Field | Value |
|---|---|
| NAME OF DECEDENT—FIRST | RUPERTO |
| LAST | FERNANDEZ |
| DATE OF BIRTH | 01/22/1960 |
| AGE | 53 |
| SEX | M |
| SOCIAL SECURITY NUMBER | 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 |
| MARITAL STATUS | MARRIED |
| DATE OF DEATH | 03/16/2013 |
| HOUR | 0824 |
| BIRTH STATE/FOREIGN COUNTRY | MEXICO |
| EVER IN U.S. ARMED FORCES | NO (X) |
| EDUCATION | 04 |
| RACE | MEXICAN (X) / CAUCASIAN |
| USUAL OCCUPATION | GARDENER |
| KIND OF BUSINESS OR INDUSTRY | GARDENING |
| YEARS IN OCCUPATION | 25 |
| DECEDENT'S RESIDENCE | 11926 BLYTHE STREET |
| CITY | NORTH HOLLYWOOD |
| COUNTY | LOS ANGELES |
| ZIP CODE | 91605 |
| YEARS IN COUNTY | 30 |
| STATE/FOREIGN COUNTRY | CALIFORNIA |
| INFORMANT'S NAME, RELATIONSHIP | ALICIA QUEZADA, WIFE |
| MAILING ADDRESS | 11926 BLYTHE STREET, NORTH HOLLYWOOD, CA 91605 |
| NAME OF SURVIVING SPOUSE—FIRST | ALICIA |
| LAST (BIRTH NAME) | QUEZADA |
| NAME OF FATHER—FIRST | BENJAMIN |
| LAST | FERNANDEZ |
| BIRTH STATE | MEXICO |
| NAME OF MOTHER—FIRST | ELIZA |
| LAST (BIRTH NAME) | DOMINGUEZ |
| BIRTH STATE | MEXICO |
| DISPOSITION DATE | 03/28/2013 |
| PLACE OF FINAL DISPOSITION | OAKWOOD MEMORIAL PARK, 22601 LASSEN STREET, CHATSWORTH, CA 91311 |
| TYPE OF DISPOSITION | BU |
| SIGNATURE OF EMBALMER | ANANTHARAMAN LOGANATHAN |
| LICENSE NUMBER | EMB8672 |
| NAME OF FUNERAL ESTABLISHMENT | ANGELENO MORTUARY |
| LICENSE NUMBER | FD1812 |
| SIGNATURE OF LOCAL REGISTRAR | JONATHAN FIELDING, MD |
| DATE | 03/21/2013 |
| PLACE OF DEATH | PROVIDENCE ST. JOSEPH MEDICAL CENTER |
| COUNTY | LOS ANGELES |
| FACILITY ADDRESS | 501 S. BUENA VISTA STREET |
| CITY | BURBANK |
| CAUSE OF DEATH: IMMEDIATE CAUSE (A) | ARTERIOSCLEROTIC CARDIOVASCULAR DISEASE |
| TIME INTERVAL | UNK |
| CASE NUMBER | 2013-02033 |
| OTHER SIGNIFICANT CONDITIONS | DIABETES MELLITUS |
| WAS OPERATION PERFORMED | NO |
| SIGNATURE OF CORONER/DEPUTY CORONER | LISA BRANSON |
| DATE | 03/20/2013 |
| TYPE NAME, TITLE OF CORONER/DEPUTY CORONER | LISA BRANSON, DEPUTY CORONER |

STATE REGISTRAR

A B C D E

*201920130208837*

This is a true certified copy of the record filed in the County of Los Angeles
Department of Public Health, if it bears the Registrar's signature in purple ink.



Jonathan E. Fielding    DATE ISSUED
DO 13
Director of Public Health and Registrar    MAR 21 2013

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

*HD 3 1 5 6 7 4 8*

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number:<br>Donald Iwuchuku, Esq.<br>Law Offices of Donald Iwuchuku<br>21550 Oxnard St., 3rd Floor<br>Woodland Hills, CA 91367<br>888.588.1294 Fax: 888.441.8493<br>CA SBN: 181726<br>☒ Attorney for Debtor(s): ALICIA QUEZADA ESCOBAR | FOR COURT USE ONLY |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
| In re<br><br>Alicia Quezada - Escobar<br><br>Debtor(s) | CASE NO. 1:15 - 10336 - MB<br>CHAPTER: 13<br>ADV. NO. |

## ELECTRONIC FILING DECLARATION
### (INDIVIDUAL)

## PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY

| ☐ | Petition, statement of affairs, schedules or lists | Date Filed: |
|---|---|---|
| ☒ | Amendments to the petition, statement of affairs, schedules or lists | Date Filed: |
| ☒ | Other  Response - Motion for Relief | Date Filed: |

I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this Declaration with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a Statement of Social Security Number(s) (Form B21) and provided the executed original to my attorney.

Alicia Quezada                                    7/29/15
Signature of Signing Party                         Date

Alicia Quezada - Escobar
Printed Name of Signing Party

## PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY

I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the Declaration of Debtor(s) or Other Party before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this Declaration, the Declaration of Debtor(s) or Other Party, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this Declaration, the Declaration of Debtor(s) or Other Party, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the Statement of Social Security Number(s) (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the Statement of Social Security Number(s) (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the Statement of Social Security Number(s) (Form B21) available for review upon request of the Court.

                                                 7/29/15
Signature of Attorney for Signing Party            Date

Donald Iwuchuku, Esq. 181726
Printed Name of Attorney for Signing Party

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.